,REUBEN J. BUTT, plaintiff in error, *vs.* THOMAS ONEAL, defendant in error.

Where a bill was filed praying an injunction against the enforcement of an execution, and it appeared that the plaintiff in the execution had filed a petition for partition of a parcel of land on which was a mill, the petition alleging that the petitioner and A had owned the land in common and had agreed to run the mill in partnership, but that A had sold his interest to B, and that C had set up certain claims against the partnership; that commissioners had been appointed to investigate the accounts and to sell the land; that the commissioners had reported that they had investigated the accounts of the partnership between the petitioner and A., and found the petitioner *entitled to* $1,000 *less* $200, and that the firm owed C nothing. A, B and C all excepted to the report, and the issue was tried by a jury, who found in favor of petitioner $800 00. Petitioner's counsel entered up a judgment against A, B and C for the amount, and execution was levied on the property of C, who filed the bill, insisting that the judgment should have been entered against A alone:

*Held*, that the judge did not err in granting the injunction. Under the pleadings it is impossible to say what was the real intent of the verdict of the jury, and equity and good conscience requires that there should be a rehearing.

Injunction. Verdict. Before Judge BUCHANAN. Troup Superior Court. November Adjourned Term, 1873.

Thomas Oneal filed his bill against Reuben J. Butt, making substantially the following case:

At the May term, 1872, of Troup superior court, the defendant made application for the partition of certain realty and personalty, in which Hilliard Oneal, Edward F. Culver and complainant were interested. The petition presented the following facts:

On the first Tuesday in October, 1849, petitioner and Hilliard Oneal became the joint owners of a certain tract of land known as the "Oneal mill property," embracing twelve hundred and fifty-two acres, more or less, with valuable water privileges thereto attached, and a large merchant mill located thereon. After conveying to divers persons small portions of the land, the balance, with the exception of the mill property

Butt *vs.* Oneal.

and twenty acres immediately surrounding it, was divided between them by arbitration, and the award filed in the clerk's office of the superior court of said county, on January 29th, 1872. In this arbitration the state of the mutual accounts existing between them was not considered. At the time of the purchase of the aforesaid property, petitioner and Hilliard Oneal were executors upon the estate of James Oneal, deceased. They agreed that the business of the mill and that of managing the estate should be conducted by them jointly, each to give attention to that which, in the exigencies of the business, should come to him, and without extra charge the one to the other, and that the profits should be equally divided between them. Thus the business proceeded for years, petitioner giving more attention to the matters of the estate. It became established between them as a custom that they would alternate annually in employing a miller. In 1866, Oneal hired his son-in-law, Edward F. Culver. During that year a saw-mill was also put in operation. In February or March Oneal possessed himself of the books of the concern, and denied to petitioner any participation in the management of the business. At the close of the year Oneal admitted the custom heretofore referred to, but upon petitioner's contracting with a competent miller, at a reasonable price, he objected to him, and without the consent of petitioner, retained his son-in-law. This condition of affairs continued until February 15th, 1870, when the rupture became more distinctly defined. Petitioner complained of the conduct of the miller which had been calculated to prevent custom and patronage, when said Culver told him, in the presence of and with the consent of Oneal, that he was not doing business for him. Petitioner then hired W. McGee and placed him in the mill, and a division of the grain on hand was made. Petitioner has received at various times from the mill small sums of money aggregating about $515 00, and some bread corn and flour, but not exceeding one-third of what he was entitled to. Petitioner made frequent requests for a settlement, but it was deferred upon various pretexts. In the fall of 1869 he obtained sufficient access

to the books to ascertain that after allowing to Oneal all the credits which he claimed, there was a balance due him of at least $1,071 00.

Oneal asserts that he has sold his half interest in said mill property to his son Thomas, and said son claims such interest, but petitioner has never consented to this transaction. Culver, confederating with Hilliard Oneal, presents a claim of $1,-200 00 against said mill.

This property, on account of the machinery and water-power, cannot be divided without a sale. Therefore prays the appointment of commissioners, that the accounts between the aforesaid parties may be adjusted, that the partnership may be dissolved, that the property may be sold, and that such portion of the proceeds as may be due to petitioner shall be paid him.

The bill further recited that commissioners were appointed to examine the mutual accounts between the parties, and to sell the property. That the commissioners reported that they found against the claims of Culver, and in favor of the petitioner, Reuben J. Butt, $1,000 00, subject to a credit of $200 00; that the mill property was sold to James Oneal for $4,405 00, one-third of which has been paid in cash, and a secured note for the balance taken; that the personalty sold for $54 75; that the expenses of sale, etc., were $29 50.

That to this report of the commissioners the petitioner Reuben J. Butt, and the defendants to said petition, to-wit: Hilliard Oneal, Thomas Oneal and Edward F. Culver, all excepted. The exception of Butt was based upon the ground that the commissioners did not take charge of the books of Oneal & Butt, and of the evidences of indebtedness due to said firm, and return the same to court. The exceptions of Culver and Hilliard Oneal went at length into the accounts between all the parties, and sought thereby to show the incorrectness of the result arrived at. They also set up various irregularities in the proceedings of the commissioners. Thomas Oneal said that he was not indebted to petitioner in the manner and form as alleged, and that since January, 1872, he had

been the only co-tenant with petitioner, in the ownership, use and possession of said mill property.

That all of the issues thus formed were submitted together to a jury, who returned the following verdict : " We, the jury, find for the plaintiff $800 00."

That this verdict ought in equity and good conscience be construed to mean, as was the intention of the jury, that the petitioner, Reuben J. Butt, should recover of the defendant, Hilliard Oneal, alone, and not of the other defendants, of which complainant was one.   That notwithstanding this was the manifest intention of the jury in rendering such verdict, yet the defendant, Reuben J. Butt, entered judgment thereon against all of the defendants, including complainant.   That execution has issued and been levied upon the property of complainant.   Prays that the sale under said levy may be enjoined, subpœna, etc.

The answer of the defendant is omitted as not tending to elucidate the point passed on by the court.

The injunction was granted as prayed for, and defendant excepted.

B. H. BIGHAM, for plaintiff in error.

A. H. Cox, by brief, for defendant.

McCAY, Judge.

There are very serious objections to the whole course of proceeding in the original case.   We have rarely seen an attempt to cover so many incongruous things in one proceeding, and that, too, a proceeding not in the nature of a suit, but a petition for partition.   As, however, the parties do not seem to have objected, and participated in the various forms of proceedings which grew up under the petition, we should hold them too late now to interfere on this ground.   But we think the judgment entered up in this case is not justified by the verdict, if indeed, it is sufficiently certain for any judgment. Under the allegations in the petition and in the order appoint-

ing the commissioners, and in their report, it appears that there had been a partnership in running the mill between the two original owners; that the elder Oneal had sold first a part, then the whole of his joint interest in the property, to the defendant in error, and that Culver had set up a claim of a debt due him by the partnership.

Here, then, are, first, a petition for a partition of the real estate, which is a contest between Butt and the younger Oneal, then a claim for a settlement of the partnership affairs. This is between Butt and Hilliard Oneal, and, lastly, the demand of Culver. A report was made by the commissioners—they found that nothing was due Culver; second, that in estimating the partnership affairs $1,000 00, less $200 00, was due Butt. To this all parties, that is the two Oneals and Culver, excepted, and the matter went to a jury, who simply found for Butt $800 00. In other words, they affirmed the report of the commissioners. Butt has treated this as a judgment in his favor against all for $800 00. We think this unauthorized. It is hard to say what was the intent of the report. We should say, *prima facie*, it means that Butt is entitled to $800 00 out of the proceeds of the sale. Perhaps, too, that if this was not enough, then it was to be paid by Hilliard Oneal, the partner. How James Oneal should, in any aspect of the matter, or Culver, be liable for it, we are not able to see.

This is not an ordinary suit against A, B and C, charging them with a debt; in such a case a verdict for the plaintiff generally for a fixed sum, would, by intendment of law, be against all defendants. But this is an anomalous proceeding to settle accounts and partition land, in which each defendant stands in a separate position, and the report and verdict ought to show how each stood. As the partnership was between H. Oneal and Butt, we say, *prima facie*, the verdict is against him, though there is a painful uncertainty as to the meaning. We think clearly it could not have been intended to be against Culver, and we hardly think it included the younger Oneal. We think, therefore, the report and the verdict too uncertain

as against James Oneal to be enforced, and that the injunction ought to have been granted.

Judgment affirmed.